IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN RODNEY VEACH, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO. 06-565-GPM |
| vs. ) | |
| ) | CRIMINAL NO. 02-40074-GPM |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Petitioner's motion is based on a claim of ineffective assistance of counsel during plea negotiations. The Government responded to Petitioner's motion as ordered by this Court. For the reasons set forth below, Petitioner's motion is denied.

### FACTUAL BACKGROUND

On December 20, 2002, an indictment was filed against John Rodney Veach, charging him with possession with intent to distribute cocaine. After being appointed two different attorneys, Veach retained attorney Eric J. Bell, who was substituted as counsel of record on May 2, 2003. After an examination, Veach was declared competent to stand trial, and then on July 22, 2003, he pleaded guilty with a plea agreement. The plea agreement contained an appellate waiver. Per the Stipulation of Facts signed by Veach, he obtained powder and crack cocaine in Corpus Christi and New Orleans for distribution in southern Illinois. Veach was arrested in Carbondale, Illinois, on October 7, 2002, after throwing down a bag containing 310 grams of powder cocaine while fleeing

on foot from the arresting officer. The parties agreed in the Stipulation of Facts that Veach's relevant conduct included 595 grams of powder cocaine and 28.35 grams of crack cocaine. On September 2, 2003, attorney John D. Stobbs II appeared as co-counsel for Veach. Before sentencing, Veach's attorneys filed objections to the presentence investigation report and a motion for downward departure for over-representation of Veach's criminal history, though this motion was withdrawn during the sentencing hearing. On November 17, 2003, Veach was sentenced to 188 months in the Bureau of Prisons. He received a downward departure on the fine amount due when the Court ordered a fine of $1,000.

At the conclusion of the sentencing hearing, Veach asked the Clerk of Court to prepare and file a notice of appeal on his behalf. The Clerk did so, and the appeal was filed on November 17, 2003. Attorneys Bell and Stobbs withdrew as attorneys of record and did not represent Veach on appeal. The Seventh Circuit Court of Appeals rejected Veach's contention that *Booker v. United States,* 125 S.Ct. 738 (2005), established an exception to waivers of appeal rights, citing its decision in *United States v. Bownes*, 405 F.3d 634, 638 (7th Cir. 2005). The Court of Appeals consequently dismissed Veach's appeal on May 11, 2005.

On July 18, 2006, through attorney Delbert Pruitt, Veach filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct this Court's judgment issued November 17, 2003 based on ineffective assistance of counsel during plea negotiations. On October 25, 2007, the Court directed the Government to respond to Veach's motion, and the Government filed its response on January 5, 2008.

## DISCUSSION

### A. Evidentiary Hearing

A 28 U.S.C. § 2255 motion does not mandate an evidentiary hearing. *Prewitt v. United States,* 83 F.3d 812, 819 (7th Cir. 1996); *see also Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). "[A] district court *must* grant an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief." *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (emphasis in original) (internal quotations omitted). However, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" then a hearing is not required. *Id.* Allegations that are "vague, conclusory, or palpably incredible rather than detailed and specific" do not warrant a hearing. *Bruce,* 256 F.3d at 597. Likewise, "mere speculation" does not warrant an evidentiary hearing, as the petitioner "must file detailed and specific affidavit showing he has actual proof of allegations he is making." *Miller v. United States*, 183 Fed. Appx. 571, 578 (7th Cir. 2006). For evidentiary hearing consideration, the Seventh Circuit requires a petition made pursuant to 28 U.S.C. § 2255 to "include an affidavit setting forth the specific basis for relief." *Kafo,* 467 F.3d at 1067. An affidavit accompanying the petition is a threshold requirement –"its absence precludes the necessity of a hearing." *Id*. The specific allegations in the petition and accompanying affidavit must go beyond merely unsupported assertions, as "[m]ere unsupported allegations cannot sustain a petitioner's request for a hearing. *Prewitt* 83 F.3d at 819.

Veach's § 2255 motion does not specifically request an evidentiary hearing, nor is such a hearing warranted. Though Veach provides an affidavit to meet the threshold requirement for a hearing, Veach alleges no facts in his petition or supporting affidavit that, if true, would entitle him to § 2255 relief. The Court's careful review of the motion, files, and records leads the Court to

conclude that an evidentiary hearing is not required in this case. Consequently, the Court will resolve the motion without a hearing.

### B. Legal Standards

#### 1. Collateral Review Under 28 U.S.C. § 2255

Section 2255 requires the court to vacate, set aside, or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "Habeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Kafo*, 467 F.3d at 1068, *quoting Prewitt,* 83 F.3d at 816. There are "significant procedural hurdles" to consideration of a petitioner's habeas claim. *Bousley v. United States*, 523 U.S. 614, 615 (1998). Collateral relief is appropriate only when the error is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. Unites States,* 113 F.3d 704, 705 (7th Cir. 1997). Habeas relief under § 2255 is not a substitute for direct appeal. *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000). Thus, "[c]laims not raised on direct appeal are barred from collateral review unless upon review, we have been convinced that a failure to consider the issue would amount to a fundamental miscarriage of justice." *Id*. at 433. Specifically, a § 2255 motion "can *not* raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, *unless* the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal." *Belford v. United States,* 975 F.2d 310, 313

(7th Cir. 1992) (emphasis in original), *overruled on other grounds by Castellanos v. United States,* 26 F.3d 717 (7th Cir. 1994).

Despite these proscriptions on the availability of § 2255 collateral review, procedural default can not serve as the reason for dismissing an ineffective assistance of counsel § 2255 claim. *Fuller v. United States*, 398 F.3d 644, 650 (7th Cir. 2005). Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). In fact, the Seventh Circuit has identified § 2255 motions as a more appropriate venue than direct appeal for raising ineffective assistance of counsel claims, as the opportunity to adequately "develop the factual predicate for the claim" arises independent of the trial record. *Id.* Veach's grounds for his petition for relief pursuant to § 2255 are couched as ineffective assistance of counsel claims.

### 2. Ineffective Assistance of Counsel

If a § 2255 motion claiming ineffective assistance of counsel survives preliminary review and is considered on its merits, the court evaluates the claim under the two-prong *Strickland* test. *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007), *citing Strickland v. Washington,* 466 U.S. 668, 694 (1984). There is a heavy burden of proof on a defendant asserting an ineffective assistance of counsel claim. *Harris v. Reed*, 894 F.2d 871, 874 (7th Cir. 1990). "The benchmark for judging any claim to ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Under *Strickland*, the petitioner must prove (1) that his attorney's performance fell below an objective standard of reasonableness and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different." *McDowell*, 497 F.3d at 761. If the Court finds *either* the performance *or* the prejudice component of the ineffective assistance claim deficient under the *Strickland* test, then there is no need to consider the sufficiency of the other component. *United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993).

### a. Review of Attorney Performance

The Court's review of attorney performance is "'highly deferential,' with the underlying assumption that 'counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Holman*, 314 F.3d 837, 840 (7th Cir. 2002), *quoting Strickland*, 466 U.S. at 689. Counsel is "strongly presumed to have rendered adequate assistance and to have made significant decisions in the exercise of his or her reasonable professional judgment." *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004). The Court presumes that counsel made reasonable strategic choices unless the petitioner produces evidence rebutting that presumption. *Id.* Hence, it is "not easy for a petitioner to show that his counsel's performance was objectively ineffective, as…'[t]he reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential.'" *Hartjes v. Endicott*, 456 F.3d 786, 790 (7th Cir. 2006), *quoting Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). In order to establish that counsel's performance was deficient, the defendant must show errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Hartjes*, 456 F.3d at 790.

### b. Prejudicial Effect of Attorney Performance

Proving that deficient performance of counsel actually prejudiced the defense requires a showing of the "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004), *citing Strickland,* 466 U.S. at 694; *see also Williams v. Taylor*, 529 U.S. 362, 363 (2000). This test is also "highly deferential to counsel and presumes reasonable judgment and effective trial strategy." *Hays v. United States*, 397 F.3d 564, 568 (7th Cir. 2005). The defendant must demonstrate that counsel's error actually had an adverse effect. *Strickland,* 466 U.S. at 693. However, "[n]ot every adverse consequence of counsel's choices is 'prejudice' for constitutional purposes." *United States v. Springs*, 988 F.2d 746, 749 (7th Cir. 1993). Counsel's conduct must be shown to have "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cooper,* 378 F.3d at 642, *citing Strickland,* 466 U.S. at 686. The defendant must prove that counsel's ineffectiveness deprived him of a substantive or procedural right to which he is entitled by law. *Williams v. Taylor*, 529 U.S. at 363. For example, in order to satisfy *Strickland*'s prejudice prong, a defendant who pleaded guilty and then alleges ineffective assistance of counsel during plea negotiations in a 28 U.S.C. § 2255 motion must prove that there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty. *Hays*, 397 F.3d at 568. The defendant must introduce objective evidence in support of his § 2255 motion – self-serving testimony is not sufficient to prove the prejudice component of the *Strickland* test for ineffective assistance of counsel. *McCleese v. United States,* 75 F.3d 1174, 1179 (7th Cir. 1996); *cf. Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991) (finding defendant did not present sufficient evidence to satisfy *Strickland* prejudice prong when defendant never stated that

he would have accepted the guilty plea but for his counsel's advice and did not present objective evidence to that effect).

The Supreme Court has defined narrow exceptions to *Strickland* "where it is appropriate for a court to presume prejudice." *McDowell,* 497 F.3d at 762, 764, *citing United States v. Cronic,* 466 U.S. 648, 658 (1984); *see also Cuyler v. Sullivan,* 446 U.S. 335, 338 (1980); *Florida v. Nixon,* 543 U.S. 175, 190 (2004). Prejudice may be presumed where: (1) there is a complete denial of counsel; (2) there is a denial of counsel at a critical stage of the litigation; (3) counsel entirely fails to subject the prosecution's case to a meaningful adversarial test; (4) the likelihood that any lawyer could have provided effective assistance is very small; or (5) counsel labored on behalf of the defendant while harboring a conflict of interest. *McDowell,* 497 F.3d at 761. If a defendant alleges a conflict of interest, he must meet one of two standards in order for that alleged conflict to arise to presumed prejudice in an ineffective assistance of counsel claim. *United States v. Wallace*, 276 F.3d 360, 366 (7th Cir. 2002). The Court will presume prejudice if "the trial judge knew or should have known that a potential conflict of interest existed and did not adequately address the issue with the defendant." *Id*. Alternately, the Court will presume prejudice if the trial judge was not put on notice of a potential conflict and the defendant demonstrates that counsel actively represented an actual conflicting interest *and* that the conflict adversely impacted counsel's representation. *Id*. at 367. A potential conflict of interest that does not "ripen" into an actual conflict is not sufficient. *Fuller,* 398 F.3d at 648.

### 3. Waiver of Appellate and Collateral Attack Rights

The Court will enforce a plea agreement's appellate and collateral attack waiver "if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily

entered into the agreement." *Unites States v. Blinn,* 490 F.3d 586, 588 (7th Cir. 2007). Courts may consider a defendant's signature on the plea agreement and his statements during the plea colloquy as evidence of a knowing and voluntary waiver. *See United States v. Jemison,* 237 F.3d 911, 917 (7th Cir. 2001); *United States v. Schuh,* 289 F.3d 968, 975 (7th Cir. 2002). "[A] careful plea colloquy under Rule 11 ensures that the guilty plea is knowing and voluntary." *Schuh,* 289 F.3d at 975. The court is "not required to conduct a specific dialogue with the defendant concerning the appeal waiver, so long as the record contains sufficient evidence to determine whether the defendant's acceptance of the waiver was knowing and voluntary." *Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999). Representations made during plea hearings are "entitled to a presumption of verity." *United States v. Pike*, 211 F.3d 385, 389 (7th Cir. 2000).

However, though a valid appellate waiver may be binding in other respects, it does not preclude judicial review of a claim that the plea agreement itself was the product of ineffective assistance of counsel. *Jemison,* 237 F.3d at 917. Therefore, if the defendant can demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver, then the waiver is not effective against a § 2255 challenge. *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000). "Even an ineffective assistance claim cannot survive a waiver unless the claim relates specifically to the voluntariness of the waiver itself." *Bridgeman v. United States,* 229 F.3d 589, 593 (7th Cir. 2000). That is, ineffective assistance claims related to anything other than the plea negotiation – related to counsel's performance at sentencing, for example – are barred by an enforceable waiver. *Id.*; *see also Jones,* 167 F.3d at 1145 ("[W]e reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver."); *United States v. Behrman*, 235 F.3d

1049, 1052 (7th Cir. 2000) (finding that when petitioner surrendered the right to challenge his sentence on any grounds in a *voluntary* plea agreement, he had no viable theory for appeal).

### C. Veach's Motion to Vacate, Set Aside, or Correct Sentence

By couching his motion in terms of ineffective assistance of counsel during plea negotiations, Veach attempts to circumvent restrictions on § 2255 collateral relief, procedural default, and the enforceability of the waiver in his plea agreement. Upon review, the appellate and collateral attack waiver in Veach's plea agreement is enforceable. However, as Veach's claim of ineffective assistance *directly related to the plea negotiation* is not barred by this otherwise enforceable waiver, the Court analyzes this specific claim on the merits. Veach's claim fails under a *Strickland* analysis. The waiver is enforceable with respect to Veach's sentencing, so allegations of ineffective counsel that relate to sentencing are summarily dismissed.

#### 1. Enforceability of Appellate Waiver in Veach's Plea Agreement

Paragraph eleven of Veach's plea agreement states in pertinent part:

> Defendant knowingly and voluntarily waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined)… .The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

*United States v. John Rodney Veach*, S.D. Ill., Criminal Case No. 02-40074-GPM (Doc. 26). The terms of this appellate waiver are express, unambiguous, and plainly clear. Supporting Veach's knowing and voluntary entry into the agreement is his own signature on the plea agreement. Additionally, Veach's § 2255 motion acknowledges that he "waived his collateral attack rights under 28 U.S.C. 2255." Veach's statements given during the July 22, 2003, change of plea hearing clearly illustrate that he knowingly and voluntarily entered into the plea agreement and specifically accepted

the appellate waiver terms of the agreement:

> THE COURT: Now has anyone forced you to plead guilty here this afternoon?
> MR. VEACH: No, sir.
> THE COURT: …is that your signature where it says John Veach?
> MR. VEACH: Yes, your Honor, it is.
> THE COURT: Did you read this before you signed it?
> MR. VEACH: Yes, sir.
> THE COURT: Did you discuss it with Mr. Bell?
> MR. VEACH: Yes your Honor.
> THE COURT: Do you understand what is in here?
> MR. VEACH: Yes sir.
> THE COURT: Is there anything in here that you don't understand?
> MR. VEACH: No, sir.
> THE COURT: Is this what you want me to accept?
> MR. VEACH: Yes, your Honor.
> THE COURT: Mrs. Robertson. . .What is happening to his rights to appeal, if anything?
> MRS. ROBERTSON: [Asst. U.S. Attorney] There is a waiver of appeal rights…in return for the waiver of appeal rights and other various things the plea agreement leaves open the possibility of a Rule 35 sentence reduction.
> THE COURT: Is that a realistic consideration?
> MRS. ROBERTSON: Judge, as I stand here I can't tell you that.
> THE COURT: Mr. Veach, is that your understanding of your agreement with the United States?
> MR. VEACH: Yes, sir.
> THE COURT: Now you should know that any recommendation of sentence agreed to between your lawyer and the United States is not binding on me…you could receive a more severe sentence than what is recommended or what you are expecting. If that happens you will nevertheless be bound by your guilty plea. Once you tell me you are guilty that's the end of the matter here. Do you understand that?
> MR. VEACH: Yes, sir.
> THE COURT: Has anyone promised you what your sentence will be?
> MR VEACH: No, sir.
> THE COURT: You are giving up the right to appeal your sentence?
> MR VEACH: Yes, I am.

*United States v. Veach*, S.D. Ill., Criminal Case No. 02-40074-GPM (Doc. 25). The Court finds that Veach's waiver of appellate and collateral attack rights was clear and unambiguous. The Court further finds that Veach entered into the plea agreement knowingly and voluntarily.

## 2. Ineffective Assistance of Counsel During Plea Negotiation

Veach's otherwise enforceable waiver does not bar his ineffective assistance of counsel claim insofar as that claim specifically relates to the negotiation of the waiver. Ineffective assistance of counsel in connection with the negotiation of the plea agreement goes to the issue of voluntariness of the waiver. *Jones,* 167 F.3d at 1145. Therefore, the Court will review this specific claim on the merits. In order to prove ineffective assistance, Veach must successfully evidence both the objectively deficient performance of his attorney during plea negotiations and an actual prejudice to his defense that would not have occurred but-for his attorney's ineffectiveness. Veach fails to meet his burden on either *Strickland* prong, so his § 2255 waiver stands. The claims in Veach's motion that impugn his attorney's performance during plea negotiations are insufficiently supported. Additionally, were the Court to assume, *arguendo*, that counsel's performance was deficient, Veach does not present proof of any actual resultant prejudice to his defense.

The allegations in Veach's motion and accompanying "Affidavit" are unstructured as to how he intends to attack either counsel's performance or the outcome of his defense. It is important to note that only allegations made concerning ineffective assistance during plea negotiation will be considered here. Accordingly, allegations of events after the July 22, 2003, plea agreement are not at issue. Only attorney Eric J. Bell was on record at the time of the plea agreement.

Veach argues that he was given insufficient time to examine his plea agreement; that he did not understand all of the contents of the agreement; that he disputed the amount of cocaine detailed in the agreement; and that his attorney told him the amount of cocaine stipulated in the agreement would not affect his potential prison time. He alleges that both before and during the change of plea hearing, his attorney advised him to accept the plea, allegedly telling Veach during the hearing that

he had "no choice." None of these allegations, even if proven true, sufficiently proves ineffective assistance under *Strickland*.

Veach claims he was briefly shown a copy of his plea agreement at 9:00 or 10:00 p.m. the evening before his change of plea hearing – in an apparent (though unstated) effort to argue Bell's deficient performance. However, there is no requirement that an attorney meet with his client for a particular amount of time before a change of plea hearing. *United States v. Coleman,* 231 Fed. Appx. 512, 515 (7th Cir. 2007). As to his related allegation that he told Mr. Bell he "did not understand it all" (Doc. 2), Veach's sworn testimony in open court flatly contradicts this allegation. During the hearing, Veach specifically stated that he did understand the contents of the plea agreement:

> THE COURT: Do you understand what is in here?
> MR. VEACH: Yes sir.
> THE COURT: Is there anything in here that you don't understand?
> MR. VEACH: No, sir.

*United States v. Veach*, S.D. Ill., Criminal Case No. 02-40074-GPM (Doc. 25); *see generally Bridgeman,* 229 F.3d at 592 (Petitioner's agrument that his counsel's advice rendered his plea unwitting and involuntary was belied by his own statements at the change of plea hearing, which were presumed truthful). Veach asserts that both the night before the hearing and at the hearing, he disputed the amount of narcotics in the plea agreement but was nonetheless advised to agree in order to "get the deal." Again, even were this true, counsel's advise to accept the plea in the face of the government's case – in which a police witness saw Veach throw a bag filled with 310 grams of cocaine, and in which Veach admitted to, and his girlfriend corroborated, drug possession and distribution – hardly rises to objectively unreasonable assistance. Additionally – though the government asserts in its response that Bell did in fact negotiate multiple terms of the plea

agreement – even if Bell had neglected to challenge the amount of cocaine in the plea agreement and had told Veach the amount of cocaine in the agreement would not affect his sentence, this too is cured by the colloquy during Veach's change of plea hearing:

> MRS. ROBERTSON: Your Honor, the parties are in agreement that the relevant conduct includes 595 grams of powder cocaine and 28.35 grams of crack cocaine….
> THE COURT: Mr. Veach, is that your understanding of your agreement with the United States?
> MR. VEACH: Yes, sir.
> THE COURT: Now you should know that any recommendation of sentence agreed to between your lawyer and the United States is not binding on me and you could–I'm not saying you will–but you could receive a more severe sentence than what is recommended or what you are expecting. If that happens you will nevertheless be bound by your guilty plea. Once you tell me you are guilty that's the end of the matter here. Do you understand that?
> MR. VEACH: Yes, sir.
> THE COURT: Has anyone promised you what your sentence will be?
> MR. VEACH: No, sir.
> THE COURT: This is a stipulation of facts…A stipulation of facts just means this is your agreement with the government. We could say "agreed facts". It would be the same thing. Now it's important because I'm going to ask you if this is all true and you're under oath. So if you tell me today it is, but two weeks from now you tell me it's not, we have a problem. The problem is called perjury. Also, since this sets out what the government claims you did and if you agree with it, they never have to prove any of this ever. It's sufficient that they pick this up and waive it at me and say this is it. So have you read this?
> MR. VEACH: Yes, sir.
> THE COURT: Now on Page 2, again is that your signature where it says John Rodney Veach?
> MR. VEACH: Yes, sir.
> THE COURT: All right. Is everything in here true? Yes, you can talk to your lawyer, absolutely. It would be a good time to do it. Have you had a chance to confer with your lawyer?
> MR. VEACH: Yes. Thank you.
> THE COURT: Is it all true?
> MR. VEACH: Yes, sir.

*United States v. Veach*, S.D. Ill., Criminal Case No. 02-40074-GPM (Doc. 25). Veach's claim of ineffective assistance during plea negotiation can't stand given the dearth of evidence that Bell committed errors so serious as to fall below an objective standard of reasonable representation.

Because Veach does not establish that Bell's performance meets the standard of deficiency outlined in *Strickland*, the Court does not need to consider whether counsel's performance actually prejudiced Veach's defense. *Slaughter*, 900 F.2d at 1124. However, it should be noted that Veach's motion for § 2255 relief does not even allege that Veach would not have pleaded guilty but-for Bell's counsel. Veach's argument of ineffective assistance of counsel in plea negotiations is also therefore insufficient to prove *Stickland*'s prejudice component. *See Hays*, 397 F.3d at 568; *Bridgeman,* 229 F.3d at 592; *Toro v. Fairman*, 940 F.2d at 1068.

### 3. Conflict of Interest Claim

Veach claims that counsel was ineffective because he operated under a conflict of interest. Specifically, he argues that his attorney, John Stobbs II, also represented an individual against whom Veach wished to proffer information, and that his attorneys would not contact the Government regarding this offer (Doc. 2).

The only relevance a conflict of interest argument has here would be to presume the prejudice element in an ineffective assistance of counsel during plea negotiation claim. Because Veach can not prove the deficient performance element of the ineffective assistance counsel claim, whether or not prejudice is presumed is inapposite. Additionally, Veach's conflict of interest allegations go to attorney Stobbs, who did not enter his appearance as Veach's attorney until six weeks after the change of plea hearing. Because this alleged conflict of interest arose after the plea agreement was entered, it does not factor into the analysis of ineffective assistance during plea negotiation – which is the only claim that circumvents the enforceability of the appellate and collateral attack waiver. Therefore, though it is unlikely that Veach's claim of conflict of interest would succeed (as the government acknowledges that Stobbs did relay Veach's information), the Court need not discuss this argument any further.

### 4. Claims of Ineffective Assistance of Counsel Not Directly Related to Plea Negotiation

Veach's ineffective assistance of counsel claim fails as it relates to the plea negotiations; therefore, his appellate and § 2255 waiver is enforceable. As "only arguments that would nullify the plea itself survive," his waiver bars claims related to his sentence or the manner in which his sentence was determined. *Behrman,* 235 F.3d at 1052. The Court rejects the additional claims in Veach's motion as inutile and/or superfluous.

Nominally accepting responsibility for his "decisions," Veach nevertheless plied this Court with multiple excuses, alternately blaming his girlfriend, his fear of abandonment, his biological mother, the "bias" of the prosecutor, and his attorneys for the sentence duly imposed by this Court. *United States v. Veach*, S.D. Ill., Criminal Case No. 02-40074-GPM (Doc. 47). A police officer saw Veach discard a backpack full of over 300 grams of cocaine, and Veach himself admitted to selling cocaine in southern Illinois. He has no one but himself to blame for incurring a sentence within the guideline range – least of all his attorneys. As this Court stated during Veach's sentencing hearing: "[I]t is in the best interest of all those persons who are close to Mr. Veach and the public that the public be protected from him for as long as possible…this is such a clear decision." *Id.*

### CONCLUSION

Veach's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED with prejudice.** The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 07/18/2008

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge