## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN RODNEY VEACH, )<br>)<br>Petitioner/Defendant, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent/Plaintiff. ) | CIVIL NO. 06-565-GPM<br><br>CRIMINAL NO. 02-40074-GPM |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On July 22, 2003, Petitioner John Rodney Veach pleaded guilty, pursuant to a written plea agreement containing a waiver of appellate and collateral attack rights, to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841. During the sentencing hearing held on November 17, 2003, this Court found Veach to be a career offender and sentenced him to 188 months at the high end of the applicable guideline range. On direct appeal, the Seventh Circuit Court of Appeals rejected Veach's contention that *United States v. Booker*, 543 U.S. 220 (2005), established an exception to waivers of appeal rights, citing its decision in *United States v. Bownes*, 405 F.3d 634, 638 (7th Cir. 2005), and consequently dismissed Veach's appeal on May 11, 2005. Veach thereafter filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence based on a claim of ineffective assistance of counsel during plea negotiations. On July 18, 2008, this Court denied Veach's § 2255 motion, finding that Veach entered into the plea agreement knowingly and voluntarily and therefore enforcing the waiver with respect to Veach's challenge to his sentence.

Veach did not appeal the denial of his § 2255 motion until he filed, in the Court of Appeals,

a motion for certificate of appealability . On April 29, 2010, a Pro-se Clerk in the Court of Appeals transmitted a letter directing this Court to file the motion as a notice of appeal, which the Clerk of Court filed on May 3, 2010. *See* FED. R. APP. P. 22(b). Veach asks the Court of Appeals to remand his case to this District Court for resentencing without the career offender enhancement in light of the Supreme Court's decisions in *Chambers v. United States*, 129 S. Ct. 687 (2009), and *Begay v. United States*, 553 U.S. 137 (2008). Thereafter, Veach filed a motion for leave to appeal *in forma pauperis*.

Veach may not proceed on appeal without a certificate of appealability, which may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B) and (c)(2). Under § 2253(c)(3), any certificate of appealability issued under paragraph (1) must indicate which specific issue or issues satisfy the showing required by paragraph (2). Relying on *Slack v. McDaniel*, 529 U.S. 473 (2000), Veach argues that a certificate of appealability should issue on his substantive argument – whether the application of the career offender sentencing enhancement violated his constitutional rights – because this Court denied his motion on procedural grounds. But this Court found that Veach waived his rights to attack his sentence; his claims were barred. As stated in the Judgment, the § 2255 motion was denied on the merits. *See generally Pavlovsky v. Vannatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) (dismissal of a habeas petition as untimely is a dismissal on the merits, ordinarily barring relitigation).

Notably, the Seventh Circuit Court of Appeals recently held that the "*Begay* rule" is retroactively applicable on collateral review. *Welch v. United States*, 604 F.3d 408, 415 (7th Cir. 2010), *petition for cert. filed*, No. 10-314, 79 USLW 3129 (Sept. 1, 2010). Nonetheless, this Court declines to issue a certificate of appealability because Veach has not made a substantial showing of the denial of a constitutional right in light of this Court's waiver analysis. The waiver provision in

this particular plea agreement was very broad, and it was upheld on direct appeal. It provides:

> Defendant knowingly and voluntarily waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, including any ordered restitution, in exchange for the concessions made by the United States in this plea agreement. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

*United States v. Veach*, Criminal Case No. 02-40074-GPM (Doc. 26). For the reasons set forth in this Court's Memorandum and Order denying Veach's § 2255 motion, the Court finds this waiver enforceable. Veach has not made a substantial showing of the denial of a constitutional right; consequently, the Court **DECLINES** to issue a certificate of appealability. Pursuant to Federal Rule of Appellate Procedure 22(b), Petitioner may present his request for a certificate of appealability to the Court of Appeals for the Seventh Circuit.

Veach seeks leave to proceed *in forma pauperis* on appeal. It is clear from the papers that Veach is indigent. *See* 28 U.S.C. § 1915(a)(3). Despite having declined to issue a certificate of appealability, the Court cannot find that Veach's request for review is not taken in good faith. *See Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000) (explaining that the standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is taken in good faith for purposes of proceeding *in forma pauperis* on appeal). Accordingly, Veach's motion to proceed *in forma pauperis* on appeal (Doc. 18) is **GRANTED**.[1]

Finally, it is not for this Court to determine whether Veach intended to file a request to file

---

[1] Because this is a collateral action attacking Veach's underlying conviction and sentence, the filing fee provisions of 28 U.S.C. § 1915(b) do not apply. *See generally Walker v. O'Brien*, 216 F.3d 626, 628-29 (7th Cir. 2000) (holding that the Prison Litigation Reform Act does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254, or 2255).

a second or successive motion under § 2255(h)(2) when he originally filed the motion for certificate of appealability in the Court of Appeals. Only the Court of Appeals has the authority to grant such a request. This Court has considered Veach's papers as instructed by the Court of Appeals (*see* Doc. 13-1).

**IT IS SO ORDERED.**

DATED: 10/06/10

s/ *G. Patrick Murphy*

G. PATRICK MURPHY
United States District Judge